FILED

2009 MAY 11 PM 2:41

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA,
FORT WAYNE DIVISION**

| | |
|---|---|
| JEFFREY MCCALL ) | |
| P.O. BOX 75 ) | |
| OSSIAN, IN 46777, ) | |
| ) | |
| **PLAINTIFF,** ) | JUDGE: |
| ) | |
| vs. ) | |
| ) | CASE NO. 1:09CV130 RLS |
| OSSIAN SMOKED MEATS CORP. ) | |
| 3044 E. 900 N. ) | |
| OSSIAN, IN 46777 ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| and ) | (Jury Demand Contained Herein) |
| ) | |
| PETER SORG ) | |
| PRESIDENT, OSSIAN SMOKED MEATS CORP. ) | |
| 3044 E. 900 N. ) | |
| OSSIAN, IN 46777, ) | |
| ) | |
| **DEFENDANTS.** ) | |

COMES NOW Plaintiff, Jeffery McCall (hereafter "Plaintiff") and respectfully presents his Complaint for Damages against Ossian Smoke Meats Corp. and Peter Sorg (hereafter "Defendants") and in support thereof states the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this cause of action for compensatory, punitive, and special damages arising from the allegations, contained herein, on the part of Plaintiff's former employer, Defendants, pursuant to 29 U.S.C § 623 et seq. commonly known as The Age Discrimination in Employment Act of 1967.

1

## PARTIES

2. Plaintiff, Jeffrey McCall, is an individual who resides at 214 North Ogden St., Ossian, IN 46777, who is fifty-nine (59) years of age, and is a former employee of Defendants.

3. Defendant, Ossian Smoked Meats Corporation, is a corporation organized under the laws of the State of Indiana conducting business in the State of Indiana whose principal place of business is located at 3044 E. 900 N., Ossian, IN 46777, and is the former employer of Plaintiff.

4. Defendant, Peter Sorg, is an individual who is the President of Defendant, Ossian Smoked Meats Corporation, and is the former supervisor of Plaintiff.

## JURISDICTION AND VENUE

5. Jurisdiction is appropriate in this Court pursuant to 29 U.S.C. § 626 and 28 U.S.C. § 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## COUNT I. EMPLOYMENT DISCRIMINATION BASED ON AGE

7. Plaintiff began working for Defendant, Ossian Smoked Meats Corp., through a temporary agency in February, 2001.

8. Plaintiff was hired as a full time employee of Defendant, Ossian Smoked Meats Corp., in April, 2001 as a Production Worker.

9. Plaintiff was promoted to Production Supervisor in April, 2003.

10. In August, 2006, Defendant, Peter Sorg, hired Perry Rohrbach as Plaintiff's assistant Production Supervisor.

11. Within two (2) weeks of hiring Perry Rohrbach, Plaintiff's salary was significantly reduced, unilaterally by Defendant, Pete Sorg, from $855.00 per week to $548.00 per week even though he was performing his normal duties.

12. Plaintiff was then ordered to train Perry Rohrbach on all of his duties as Production Supervisor.

13. During this same period, Plaintiff was informed that he was to begin learning the job duties of Norm Stoffell as he was being terminated from his position.

14. Norm Stoffell had previously been a Production Worker but had been promoted to a position within the retail department of the business.

15. When Norm Stoffell was promoted into his new position, he was over the age of 55.

16. Shortly after Norm Stoffell had been promoted into his position, Plaintiff was instructed by Defendant, Peter Sorg, to inform Norm Stoffell that, due to his age, he was costing the business too much money in having to pay for health insurance benefits and that if he wished to keep his position he had increase his production numbers so that he brought in more money to the business than did the younger employees of the company.

17. Norm Stoffell was eventually terminated from his employment with Defendant, Ossian Smoked Meats.

18. After Norm Stoffell was terminated, Plaintiff was given Norm Stoffell's same position and replaced with Perry Rohrbach as Production Supervisor.

19. Perry Rohrbach is approximately twenty (20) years younger than Plaintiff.

20. Plaintiff was terminated on December 26, 2007.

21. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on April 25, 2008. (See Exhibit A.)

22. Plaintiff received his Dismissal and Notice of Rights from the EEOC on February 13, 2009.

23. That the conduct of the Defendants violates the Age Discrimination in Employment Act of 1967 codified under 29 U.S.C. § 623.

## DAMAGES

24. Plaintiff is seeking back pay in the amount of $44,460.00 per annum from the date of his termination, December 26, 2007, until the present.

25. Plaintiff is seeking compensatory damages in the amount of $5,000.00 for the expenses incurred in attempting to find new employment.

26. Plaintiff is seeking punitive damages in the amount of $100,000.

## JURY DEMAND

27. Plaintiff demands a trial by jury pursuant to FED. R. CIV. P. 38(b).

WHEREFORE Plaintiff requests judgment in his favor on his Complaint for Damages and an award of compensatory damages, punitive damages, as well as appropriate interests, costs, and such further relief as deem appropriate by the Court.

Respectfully Submitted,

/Matthew A. Skeens
GEVERS, TRACEY, & SKEENS
Attorneys for Plaintiff
116 E. Berry St., Ste. 625
Fort Wayne, IN 46802
Phone: 260-407-7071
Fax: 260-407-7073
ms@gtslawoffice.com